UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RODNEY L. EMIL,<br><br>    Petitioner,<br><br>vs.<br><br>RENEE BAKER, *et al.*,<br><br>    Respondents. | 3:00-cv-0654-KJD-VPC<br><br>**ORDER** |

Before the court in this capital habeas corpus action is a motion filed by the petitioner, Rodney L. Emil, requesting that the action be stayed while he exhausts claims in state court (ECF No. 220). The court will grant that motion, and stay this case while Emil completes his pending state-court litigation.

Emil was convicted in 1988 of first degree murder with the use of a deadly weapon, for the murder of his stepfather, Charles Emil, and he was sentenced to death. *See Emil v. State*, 105 Nev. 858, 784 P.2d 956 (1989). The conviction and sentence were affirmed on appeal. *Id*. Emil's post-conviction proceedings in state court have been unsuccessful.

This federal habeas corpus action was initiated on December 13, 2000. *See* Petition for Writ of Habeas Corpus (ECF No. 1). The action was stayed, upon a stipulation of the parties,

from May 4, 2006, to January 11, 2011, pending a state-court habeas action. *See* Order entered May 4, 2006 (ECF No. 159); Order entered January 11, 2011 (ECF No. 174).

After that stay was lifted, the Federal Public Defender for the District of Nevada (Nevada FPD) filed a motion to withdraw, and was discharged from their representation of Emil on July 12, 2012. *See* Order entered July 12, 2012 (ECF No. 206). The Federal Public Defender for the Central District of California was then appointed to represent Emil. *See id.*; *see also* Notice of Acceptance of Appointment, filed August 6, 2012 (ECF No. 207).

On March 11, 2013, Emil filed a third amended habeas petition (ECF No. 212). On June 24, 2013, respondents filed a motion to dismiss (ECF No. 216). On September 11, 2013, Emil filed his motion for stay (ECF No. 220). The briefing of the motion to dismiss was then suspended pending resolution of the motion for stay. *See* Minute Order entered September 26, 2013 (ECF No. 224). On September 25, 2013, respondents filed an opposition to the motion for stay (ECF No. 223), and on October 25, 2013, Emil filed a reply in support of that motion (ECF No. 227).

In the motion for stay, Emil focuses on Claim 16 of his third amended petition, a claim that his constitutional rights to effective assistance of counsel, due process of law, equal protection, trial by jury, confrontation of witnesses, and a reliable sentence were violated because the trial court coerced the jury into rendering a verdict by sequestering the jury upon short notice after the first day of deliberations, without notifying the defense. Third Amended Habeas Petition (ECF No. 212), pp. 195-99. Emil concedes that Claim 16 is unexhausted in state court. *See* Motion to Stay (ECF No. 220). Emil requests that the court stay this action while he exhausts Claim 16, and any other unexhausted claims, in a state-court habeas action that he filed on October 7, 2013. *See* Motion to Stay, p. 1; *see also* Reply in Support of Motion to Stay (ECF No. 227), p. 9 ("As Petitioner filed a state post-conviction petition on October 7, 2013, the claim in question is currently pending before the state court in Nevada ....").

Emil's fourth amended habeas petition is a "mixed petition," meaning it contains both exhausted and unexhausted claims. A federal court may not grant habeas corpus relief on a claim

not exhausted in state court. 28 U.S.C. § 2254(b). The exhaustion doctrine is based on the policy of federal-state comity, and is intended to allow state courts the initial opportunity to correct constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must fairly present the claim to the highest state court, and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992).

In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court circumscribed the discretion of federal district courts to impose stays to facilitate habeas petitioners' exhaustion of claims in state court. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").
>
> *   *   *
>
> [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

*Rhines*, 544 U.S. at 277-78.

*Rhines* does not state, or suggest, that every unexhausted claim in the petition must satisfy, individually, the "good cause" and "potentially meritorious" requirements before a stay is permitted. If a stay is warranted with respect to any single claim, the court need not conduct a claim-by-claim analysis regarding the remaining claims. In this case, Emil bases his motion only on Claim 16, and the court considers the motion for stay only with respect to that claim.

With regard to the question of good cause for his failure to exhaust Claim 16 in his previous state habeas actions, in his motion for stay, Emil asserts that the attorney who handled his first two

3

state-court habeas actions, Patricia Erickson, acted under a conflict of interest on account of her too heavy caseload, and performed ineffectively in not discovering and raising Claim 16. Emil asserts that Erickson was, in fact, ultimately removed from her representation of Emil and sanctioned by the Nevada Supreme Court. *See* Reply in Support of Motion to Stay, pp. 6-8. With regard to Erickson's performance in this and other cases, Emil refers the court to the Declaration of Norman Lefstein, Exhibit 279, at ECF No. 282, in the electronic file for the capital habeas case of *Robins v. Baker*, Case No. 2:99-cv-0412-LRH-PAL (D.Nev.), and the court takes judicial notice of that document.

Emil goes on to assert that the Nevada FPD's office, who took over as Emil's counsel after Erickson was discharged, acted under their own conflict of interest, in that they had a close relationship with Erickson and vouched for her – even in Emil's own case, evidently, at a hearing before the Nevada Supreme Court on October 13, 1998 – despite the fact that they were in a position to argue that Erickson had performed ineffectively in failing to raise previously unexhausted claims, including Claim 16, because of her incompetence and conflict of interest. *See* Reply in Support of Motion to Stay, pp. 8-9; *see also Crump v. Warden*, 113 Nev. 293, 934 P.2d 247 (1997) (under Nevada law, in capital cases, ineffective assistance of post-conviction counsel may provide good cause for failure to present claim in prior state habeas proceedings). With regard to the conflict of interest of the Nevada FPD, which eventually led that office to move to withdraw from this case, Emil refers the court to the Supplemental Briefing Regarding the Request of Rene L. Valladares for Approval of Substitution of Attorney for Petitioner (ECF No. 205), filed in this action on July 3, 2012.

In *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), the Supreme Court held that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez*, 132 S.Ct. at 1320. While

the *Martinez* decision did not deal directly with the issue of good cause for a failure to exhaust, and while it did not deal with a claim like Emil's Claim 16, its holding is analogous and instructive.

The *Rhines* opinion does not describe in detail what constitutes good cause for failure to exhaust, and the Ninth Circuit has provided no clear guidance on that question, beyond holding that the test is less stringent than an "extraordinary circumstances" standard. *See Jackson v. Roe,* 425 F.3d 654, 661-62 (9th Cir. 2005) (citing *NLRB v. Zeno Table Co.*, 610 F.2d 567, 569 (9th Cir. 1979)). Many district courts have concluded that the standard is more generous than the good-cause showing needed to excuse a procedural default. *See*, *e.g.*, *Rhines v. Weber*, 408 F.Supp.2d 844, 849 (D.S.D. 2005) (applying the Supreme Court's mandate on remand). This view is supported by the Supreme Court's opinion in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), where the Court acknowledged that a petitioner's "reasonable confusion" about the timeliness of his federal petition would generally constitute good cause for his failure to exhaust state remedies before filing his federal petition. *Pace*, 544 U.S. at 416-17. In light of this precedent, and in light of *Martinez*, the court concludes that ineffective assistance of counsel in state-court habeas proceedings may establish cause for the failure to previously exhaust a claim.

The court finds that Emil has shown good cause under *Rhines* for his failure to exhaust Claim 16 of his third amended petition. The court finds, further, that Claim 16 is at least potentially meritorious. And, there is no indication that Emil has ever engaged in intentionally dilatory litigation tactics. Therefore, the requirements for a stay of this action pending exhaustion of Emil's claims in state court, as set forth in *Rhines*, are satisfied.

Charles Emil was murdered nearly 30 years ago. This habeas corpus action is over 12 years old. The case was stayed once before, for nearly five years pending exhaustion of claims in state court. The case has been through the state courts on Emil's direct appeal, and on at least three prior post-conviction proceedings, before the current state-court action was filed on October 7 of this year. The court has long been concerned about the age of this case. It is late for a further stay of the case pending exhaustion of claims in state court. However, Emil's Claim 16, regarding alleged coercion

of the jury by the trial court, is not plainly without merit, and Emil makes a showing that he has never been represented in state-court post-conviction proceedings by an effective attorney without a conflict of interest. The court does not here make a ruling, or suggest any opinion, with respect to whether Erickson's or the Nevada FPD's performance was such as might excuse any procedural default, or any limitations bar, that might exist as a result of Emil's delay in discovering and pleading Claim 16, but the court does find that Emil's showing is sufficient to support a finding that there is good cause under *Rhines* for his failure to earlier exhaust the claim, and that there has been no bad faith or dilatory motive that can be attributed to Emil. Moreover, given the nature of this case, and the nature of Emil's showing regarding his prior representation in state court, respondents will not be unduly prejudiced by this stay. The court will grant the motion for stay.

In exercising its discretion to grant the stay, the court takes into account *Crump*, under which, it appears, there is at least a possibility that the Nevada courts may consider, on their merits, Emil's unexhausted claims, including the unexhausted claim set forth in Claim 16.

The court's intention is that this will be the last time that the court imposes a stay to facilitate Emil's exhaustion of claims in state court. Emil must exhaust all of his unexhausted claims in state court during the stay imposed pursuant to this order.

**IT IS THEREFORE ORDERED** that petitioner's Motion to Stay and Abey Federal Action (ECF No. 220) is **GRANTED**. This action is **STAYED**, while petitioner exhausts, in state court, all his unexhausted claims for habeas corpus relief.

**IT IS FURTHER ORDERED** that respondents' Motion to Dismiss (ECF No. 216) is **DENIED**, without prejudice, as moot.

**IT IS FURTHER ORDERED** that, on or before **December 15, 2013**, petitioner shall file and serve a status report, describing the status of his state-court proceedings. Thereafter, during the stay of this action, petitioner shall file such a status report every 6 months (on or before June 15, 204; December 15, 2014; etc.). Respondents may, if necessary, file and serve a response

to any such status report within 15 days after its service. If necessary, petitioner may reply within 15 days of service of the response.

**IT IS FURTHER ORDERED** that, following the conclusion of petitioner's state court proceedings, petitioner shall, within **30 days**, make a motion to lift the stay.

**IT IS FURTHER ORDERED** that this action shall be subject to dismissal upon a motion by respondents if petitioner does not comply with the time limits in this order, or if he otherwise fails to proceed with diligence during the stay imposed pursuant to this order.

Dated this __15__ day of November, 2013.

_____
UNITED STATES DISTRICT JUDGE