# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

RODNEY L. EMIL,

    Petitioner,

vs.

TIMOTHY FILSON, *et al.*,

    Respondents.

3:00-cv-00654-KJD-VPC

**ORDER**

On March 7, 2017, petitioner filed his fourth amended petition in this capital habeas case. ECF No. 244. On June 14, 2017, petitioner filed a motion asking this court to stay proceedings and hold them in abeyance until he exhausts state court remedies with respect to one of the claims in that petition – i.e. a claim based on *Hurst v. Florida*, 136 S.Ct. 616 (2016). ECF No. 247. Petitioner has also filed a motion asking this court to reconsider its previous order (ECF No. 246) denying his motion to supplement his third amended petition with his *Hurst* claim. ECF No. 249. For the reasons that follow, the motions are denied.

*Motion to Stay*

With his motion to stay, Emil asks the court to stay further proceedings in this case until he completes state court litigation of his *Hurst* claim. Emil represents to this court that the state district court has denied relief with respect to the claim, but that his appeal to the Nevada Supreme Court

remains pending.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the stay and abeyance procedure was condoned by the Court as a means by which a habeas petitioner with a mixed petition subject to dismissal under *Rose v. Lundy*, 455 U.S. 509 (1982), could fully exhaust his petition without the risk of running afoul of the 1-year statutory time limit for filing federal petitions. *Rhines*, 544 U.S. at 276. The Court in *Rhines* cautioned, however, that stay and abeyance, if too frequently used, would undermine AEDPA's goals of prompt resolution of claims and deference to state court rulings. *Id*. Thus, the Court held that, in order to obtain "stay and abeyance," a petitioner must show: 1) good cause for the failure to exhaust claims in state court; 2) that unexhausted claims are potentially meritorious; and 3) the absence of abusive tactics or intentional delay. *Id.*; *Jackson v. Roe*, 425 F.3d 654, 662 (9th Cir. 2005).

In *Hurst*, the Court held that Florida's capital sentencing scheme violated the Sixth Amendment right to a jury trial because, under the scheme, the jury rendered an advisory verdict but the judge ultimately found the facts necessary to impose a sentence of death. 136 S.Ct. at 624. In reaching that holding, the Court relied upon *Ring v. Arizona*, 536 U.S. 584 (2002), which held that any fact necessary for the imposition of the death penalty must be found by a jury, not a judge. 536 U.S. at 589. *Ring* and *Hurst* are both based on *Apprendi v. New Jersey*, 530 U.S. 466 (200), which held that any fact that "expose[s] the defendant to a greater punishment than that authorized by the jury's guilty verdict" is an "element" that must be submitted to a jury. 530 U.S. at 494.

Although a jury imposed the death penalty in Emil's case, he claims that his death sentence is nonetheless unconstitutional under *Hurst* because the jury was not instructed that it must find beyond a reasonable doubt that there are no mitigating circumstances sufficient to outweigh the aggravating circumstances. Emil reasons that, under *Hurst*, the weighing of aggravating and mitigating factors is an "element" that must be submitted to the jury and, as such, it necessarily follows that the reasonable doubt standard imposed by the Fifth Amendment applies to the weighing process.

Emil's claim extends the holding in *Hurst* well beyond its cognizable bounds. *Hurst* does not hold, as petitioner claims, that the weighing aggravating and mitigating circumstances is an "element" that must be submitted to the jury. The Court in *Hurst* concluded that Florida's capital sentencing scheme was unconstitutional because it "required the judge alone to find the existence of an aggravating circumstance." *Hurst*, 136 S.Ct. at 624. The import of *Hurst* is its holding that the jury's advisory role under Florida law fell short of complying with the Sixth Amendment requirement of *Apprendi* and *Ring*.[1] It did not break new ground with respect to what determinations qualify as an "element" that must be submitted to a jury.

The Ninth Circuit has yet to conclusively resolve the issue in a reported decision, but has noted that it is "highly skeptical" of the argument that "Nevada's scheme is unconstitutional because it does not require the 'weighing determination' to be made beyond a reasonable doubt." *Ybarra v. Filson*, 869 F.3d 1016, 1030 (9th Cir. 2017). In this court's view, the determination that there are no mitigating circumstances sufficient to outweigh the aggravating circumstances is a matter of subjective judgment, not a "fact" amenable to proof beyond a reasonable doubt. More fundamentally, Emil's claim that he was entitled to a "beyond a reasonable doubt" jury instruction with respect to the weighing determination lacks the support of any controlling case law classifying that determination as an "element" that must be determined by a jury.

And, even if *Hurst* creates a new rule supporting Emil's claim, *Ybarra* held that any such new rule would not apply retroactively to cases on collateral review, such as this one. The court in *Ybarra* "assum[ed] for the sake of argument" that *Hurst* "creates a new rule," "establishes that the 'weighing determination' is an element," and "renders the Nevada sentencing scheme unconstitutional," but determined that, "even after making these generous assumptions," the

---

[1] The Court in *Hurst* made clear that it was overruling its prior cases upholding Florida's capital sentencing scheme (*Spaziano v. Florida*, 468 U.S. 447, 464 (1984) and *Hildwin v. Florida*, 490 U.S. 638, (1989)), but noted that it was doing so *"to the extent they allow a sentencing judge to find an aggravating circumstance, independent of a jury's factfinding, that is necessary for imposition of the death penalty."* *Hurst*, 136 S.Ct. at 624 (emphasis added).

3

petitioner could not obtain relief under *Hurst* because the it does not apply retroactively. *Id*. at 1031-33.

Based on the foregoing, this court concludes that Emil's claim based on *Hurst* has no potential for success on its merits, so a stay of this action to allow for state-court exhaustion of the claim is unwarranted. Emil's motion for stay and abeyance shall be denied.

*Motion for Reconsideration*

On January 11, 2017, Emil filed a motion to supplement his third amended petition, asking leave to add his *Hurst* claim to that pleading. ECF Nos. 242/243. This court denied the motion as moot because, at the time the court ruled on it, Emil had already filed his fourth amended petition including the *Hurst* claim. ECF No. 246. In seeking reconsideration of that decision, Emil states that he is concerned that the claim may be ruled untimely because this fourth amended petition was filed more than a year after the issuance of the Supreme Court's decision in *Hurst*.

As discussed above, Emil's *Hurst* claim fails on the merits. Even if that were not the case, the timeliness of the claim under Emil's scenario would depend upon 28 U.S.C. § 2244(d)(1)(C), which provides that the 1-year period of limitation begins "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Construing this language, the Supreme Court has held that the statute starts running on the date the Court recognizes the right, not on the date the Court makes it retroactively applicable. *Dodd v. United States*, 545 U.S. 353, 358 (2005).[2] However, a petitioner "may take advantage of the date in the first clause . . . only if the conditions in the second clause are met." *Id.* at 359.

Therefore, a claim based on *Hurst* is timely under 28 U.S.C. § 2244(d)(1)(C) only if the following requirements are met: (1) the claim is filed no later than January 12, 2017; (2) the

---

[2] *Dodd* addresses a provision in 28 U.S.C. § 2255 that is materially identical to 28 U.S.C. § 2244(d)(1)(C). "Dodd is equally applicable to section 2244(d)(1)(C)." *Johnson v. Robert*, 431 F.3d 992, 992–93 (7th Cir. 2005).

4

Supreme Court has recognized *Hurst* as a new rule no later than January 12, 2017; and (3) the Supreme Court has declared *Hurst* retroactive no later than January 12, 2017. *See id.* at 359 (holding that applicant "will be time barred except in the rare case in which this Court announces a new rule of constitutional law and makes it retroactive within one year"). No decision issued by the Supreme Court satisfies either of the latter two requirements. So even if this court deems Emil's *Hurst* claim as filed on January 11, 2017, the claim is time-barred under *Dodd*. Emil's motion of reconsideration shall be denied.

**IT IS THEREFORE ORDERED** that petitioner's motion for stay and abeyance (ECF No. 247) and motion for reconsideration (ECF No. 249) are both DENIED.

**IT IS FURTHER ORDERED** that respondents shall have 60 days from the date this order is entered to file and serve an answer or other response to the fourth amended petition (ECF No. 244).

**IT IS FURTHER ORDERED** that, in all other respects, the schedule set forth in the scheduling order entered on January 6, 2017 (ECF No. 241), shall remain in effect.

DATED: October 22, 2017

_____
UNITED STATES DISTRICT JUDGE